CHRISTIE v. DINE

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3176.  Decided Mar. 26, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

615.  HUSBAND & WIFE.
Where wife purchases goods and has them charged to her and delivered to herself and husband, for use of family, and payments credited on account are made by wife, wife is liable, under Section 7999 GC., for payment.

Error to Common Pleas.
Judgment affirmed.

Closs & Closs, Cincinnati, for Christie.
J. A. Culbertson and G. W. Hughes, Cincinnati, for Dine.

**FULL TEXT.**
HAMILTON, PJ.
Defendant in error brought an action in the Municipal Court of Cincinnati, Ohio, against the plaintiff in error for balance due on an account for goods furnished and delivered. Defendant in error recovered a judgment in the Municipal Court for the amount claimed. Error was prosecuted to the Court of Common Pleas, which court affirmed the judgment of the Municipal Court. Plaintiff in error prosecutes error to this court, seeking a reversal of the judgment of the Court of Common Pleas, affirming the judgment of the Municipal Court.

The defense was that the plaintiff in error, Mary Christie, purchased the goods for her husband, Albert Christie, and that the same were used by him and his family, and he is liable for the account and not the defendant, Mary Christie, his wife. In other words, the question was raised as to the liability of the wife for an account for household goods purchased by her.

The court made a separate finding of facts and conclusions of law. There is no bill of exceptions filed in the case. The case must, therefore, be considered on the separate finding of facts and conclusions of law.

The separate finding of facts discloses that plaintiff in error, defendant below, purchased the goods set forth in the account and had them delivered to herself and her husband,

and that the payments credited on the account were made by Mrs. Christie.

Counsel for plaintiff in error argues that, notwithstanding the goods were purchased by the wife and charged to her, that the liability is that of the husband, and not of the wife. He argues that under the provisions of Section 7997, General Code, which makes it the duty of a husband to support his wife, that this account is the husband's obligation.

It is, the law that the wife or children may contract for necessaries, and the husband or father becomes liable therefore. However that may be, Section 7999 provides:

"A husband or wife may enter into any engagement or transaction with the other, or with any other person, which either might if unmarried; * * *."

The separate finding of facts brings the case squarely within this section. The wife personally purchased the goods and they were charged to her, and many payments were made by her on the account.

It was a contract which she was entitled to make, and was, and is her personal obligation.

This conclusion is in accord with the decision of the Court of Appeals of the Eighth Appellate District, in the case of Higbee Company v. Crum, decided June 20, 1927.

(Mills and Cushing, JJ., concur.)